**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, CA  93720
Telephone:   (559) 233-4800
Facsimile:    (559) 233-9330

Timothy Jones, #119841
tjones@wjhattorneys.com
Kurt F. Vote, #160496
kvote@wjhattorneys.com

Attorneys for: *Specially Appearing* Defendants UNITED SECURITY BANK and PREMIER VALLEY BANK dba YOSEMITE BANK, a Division of PREMIER VALLEY BANK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS<br><br>              Plaintiff,<br><br>     v.<br><br>YOSEMITE BANK, a division of PREMIER VALLEY BANK, a domestic stock corporation and State-chartered banking institution; UNITED SECURITY BANK, a wholly owned subsidiary of United Security Bancshares; REGGIE LEWIS, as Tribal Council Vice Chairperson, in his individual capacity; CHANCE ALBERTA, as Tribal Council Member-at-Large, in his individual capacity; and CARL BUSHMAN, as Tribal Council Member-at-Large, in his individual capacity.<br><br>              Defendants. | Case No. 1:13-cv-00831-LJO-MJS<br><br>**STATEMENT OF NON-OPPOSITION TO MOTIONS TO INTERVENE**<br><br>Hearing:<br><br>Date:   July 26, 2013<br>Time:  9:30 a.m.<br>Ctrm:  6 (Magistrate Seng) |

Defendants UNITED SECURITY BANK and PREMIER VALLEY BANK dba YOSEMITE BANK, a Division of PREMIER VALLEY BANK (collectively, the "Banks"), appearing specially in this action having never been served with Summons, submit this Statement of Non-Opposition to the Motion to Intervene filed on June 12, 2013, by the Lewis

{7057/037/00416555.DOC}
1
DEFENDANTS' STATEMENT OF NON-OPPOSITION TO MOTIONS TO INTERVENE

Faction of the Picayune Rancheria of Chukchansi Indians (the "Tribe") (Doc. 5), and the Motion to Intervene filed on June 21, 2013, by the Reid Faction of the Tribe (Doc. 10).

This action is brought in the name of the Tribe seeking to enforce tribal court orders and directives against the Banks. The Tribe has split into three factions, the Ayala Faction, the Lewis Faction, and the Reid Faction (collectively, the "Factions"), each of which has its own tribal council and each of which asserts control of the tribal government. The Ayala Faction and the Lewis Faction have each established their own tribal courts, purporting to adjudicate matters of tribal law on behalf of the Tribe. The Complaint in this case was filed by the Ayala Faction, and the Lewis Faction and Reid Faction have each filed Motions to Intervene. Each of the Factions purports to bring its claims in the name of the Tribe.

The Banks both hold deposits of funds in accounts that are the property of the Tribe. Each of the Factions, as the purported government of the Tribe, claims a right to control those accounts. In the face of competing claims, and the lack of agreement by the parties on some form of binding dispute resolution, the Banks have been forced to take a position concerning who controls the Tribal Council.[1] The Complaint, on its face, does not seek to determine which of the Factions controls the Tribe. Rather, it seeks federal enforcement of judgments issued by a tribal court formed by the Ayala Faction against the Banks.

The principal issue in this action is the validity of the Ayala Faction's tribal court, which the Lewis Faction and Reid Faction vehemently contest. In addition to the serious due process concerns inherent in the proceedings of factious and partisan tribal courts, the Banks' position is that <u>no</u> tribal court of the Tribe, regardless of which of the Factions it represents, has personal jurisdiction over the Banks. Under the principles of comity, no tribal court judgment of the Tribe can be enforced against the Banks in the Courts of the United States absent personal jurisdiction over the Banks. *See Wilson v. Marchington*, 127 F.3d 805, 810 (9th Cir. 1997).

---

[1] The Banks' inclination in other circumstances would be to interplead the accounts at issue with this Court pending a determination by this Court as to which of the Factions rightfully controls the Tribe. However, because the Tribe is a sovereign entity, this Court has no jurisdiction to make the necessary determinations of tribal law and tribal governance required to reach such a decision. *See, e.g., Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 n.32 (1978); *Jeffredo v. Macarro*, 599 F.3d 913, 915 (9th Cir. 2010).

{7057/037/00416555.DOC}

The tribal court judgments sought to be enforced in the Complaint would give the Ayala Faction control of the accounts. Therefore, the Lewis Faction and the Reid Faction both have material interests at stake in the outcome of this proceeding. The Banks prefer that the entirety of the Tribe, and each of its Factions, is represented in the instant action to avoid the possibility of multiple suits against the Banks seeking to obtain control of the same accounts. Further, the Banks prefer that the entirety of the Tribe, and each of its Factions, be permitted a simultaneous opportunity to litigate the Banks' planned affirmative defense that the Tribe's courts have no personal jurisdiction over the Banks, so that in the event this Court makes a finding as to personal jurisdiction, that Order may have a clear preclusive effect as to each of the Factions' tribal courts, and any other court established by the Tribe now or in the future. This, again, will reduce the potential burden on the Banks of being faced with multiple suits seeking to enforce judgments of other tribal courts that have been or may be established by the Tribe.

Accordingly, the Banks do not oppose the Motions to Intervene filed by the Lewis Faction and the Reid Faction.

Dated: July 12, 2013                                    Respectfully submitted,

WANGER JONES HELSLEY PC


By:_____/s/_____
Timothy Jones
Kurt F. Vote
Attorneys for
*Specially Appearing* Defendants
UNITED SECURITY BANK and PREMIER VALLEY BANK dba YOSEMITE BANK, a Division of PREMIER VALLEY BANK