**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, CA  93720
Telephone:   (559) 233-4800
Facsimile:   (559) 233-9330

Timothy Jones, #119841
tjones@wjhattorneys.com
Kurt F. Vote, #160496
kvote@wjhattorneys.com

Attorneys for:   Defendants United Security Bank and Premier Valley Bank dba Yosemite Bank a division of Premier Valley Bank

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS<br><br>Plaintiff,<br><br>v.<br><br>YOSEMITE BANK, a division of PREMIER VALLEY BANK, a domestic stock corporation and State-chartered banking institution; UNITED SECURITY BANK, a wholly owned subsidiary of United Security Bancshares; REGGIE LEWIS, as Tribal Council Vice Chairperson, in his individual capacity; CHANCE ALBERTA, as Tribal Council Member-at-Large, in his individual capacity; and CARL BUSHMAN, as Tribal Council Member-at-Large, in his individual capacity.<br><br>Defendants. | Case No. 1:13-cv-00831-LJO-MJS<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELEAF AND MONEY DAMAGES** |

In this action, Answering Defendants Premier Valley Bank, doing business as Yosemite Bank, a division of Premier Valley Bank, and United Security Bank (collectively, "Answering Defendants"), have been sued by The Picayune Rancheria of Chukchansi Indians. Two other parties have been granted intervention in this action (the "Intervening Parties"), both

purporting to intervene in the name of The Picayune Rancheria of Chukchansi Indians. Defendants are informed and believe there is a distinction between the persons, or faction, which has filed the Complaint herein in the name of The Picayune Rancheria of Chukchansi Indians, and the persons, or factions, who have been granted permission to intervene in the name of The Picayune Rancheria of Chukchansi Indians.

The term "Plaintiff" as used herein refers only to the faction that has filed the instant Complaint, whereas the "Tribe" refers to The Picayune Rancheria of Chukchansi Indians as a sovereign whole, inclusive of Plaintiff, the intervening parties, any other faction(s) that may exist, and all members and governing persons of the Tribe and its related entities, the individual identities of whom Answering Defendants lack sufficient information or belief to admit or deny.  Answering Defendants lack sufficient information or belief to admit or deny that Plaintiff lawfully governs or represents the Tribe, or has any legal authority, under tribal law or otherwise, to file this suit, and on that basis denies that Plaintiff has any such authority or that Plaintiff is representative of the Tribe.  Accordingly, any and all admissions made herein stated as to the Tribe do not constitute admissions as to Plaintiff specifically, and do not constitute admissions that Plaintiff has any representative authority with respect to the Tribe.

Further, all references to the "Tribal Council" refer to that body which is lawfully and validly organized under the laws of the Tribe.  Answering Defendants lack sufficient information and belief to admit or deny which individuals presently, or at any other time relevant herein, constitute the members of said Tribal Council.  No admission made by Answering Defendants herein constitutes an admission that Plaintiff is authorized to control which individuals are lawfully members of the Tribal Council.  Answering Defendants deny that Plaintiff has any such authority on the basis that Answering Defendants lack sufficient information and belief to admit or deny the same.

Answering Defendants are informed and believed that multiple tribal courts have been established by various members or factions of the Tribe.  Unless otherwise stated, all references to the "Tribal Court" herein refer only to the Tribal Court referenced in the Complaint, which Answering Defendants are informed and believe has been and is organized

and controlled by Plaintiff, the validity and authority of which Answering Defendants lack sufficient information and belief to admit or deny, and on that basis deny.

With these caveats, Answering Defendants hereby answer the Complaint of Plaintiff as follows:

## **INTRODUCTION**

1.      Answering Defendants admit that Plaintiff seeks declaratory and injunctive relief, an order preventing release of the Tribe's funds from bank accounts maintained at Answering Defendants' banking institutions, and an order seeking the freezing of said accounts, but deny that the allegations made in the Complaint entitle Plaintiff to any such relief.  Answering Defendants admit that the Tribe and/or its related entities maintain bank accounts at Answering Defendants' banking institutions.  Answering Defendants deny that orders of Plaintiff's Tribal Court are of any valid or binding effect as to Answering Defendants, or that Plaintiff is entitled to enforcement of its Tribal Court's orders in this Court.  Answering Defendants have insufficient knowledge or information to form a belief as to truth of the identity of the lawful members of the Tribe's Tribal Council, and on that basis, deny each and every allegation thereto.  The remainder of Paragraph 1 contains statements, conclusions, and opinions to which no response is required.  However, to the extent a response is required, Answering Defendants deny each and every allegation contained therein, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

2.      Answering Defendants deny that orders of Plaintiff's Tribal Court are of any valid or binding effect as to Answering Defendants.  Based on lack of sufficient information and belief to admit or deny the remaining allegations of Paragraph 2 of the Complaint, Answering Defendants deny each and every allegation contained therein, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

# JURISDICTION

3.     To the extent the Complaint seeks recognition of orders of the purported Tribal Court, Answering Defendants admit that this Court has jurisdiction to determine whether the disputed Tribal Court orders are enforceable in this Court, and the extent to which the Tribal Court has personal jurisdiction over Answering Defendants.  Except as so admitted, Answering Defendants generally and specifically deny each and every allegation in Paragraph 3 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

# VENUE

4.     To the extent this Court has subject matter jurisdiction to make the rulings and findings necessary to the relief sought by Plaintiff, Answering Defendants admit that this Court is the proper venue for this action.  Except as so admitted, Answering Defendants generally and specifically deny each and every allegation in Paragraph 4 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

# PARTIES

5.     Answering Defendants admit that the Tribe is a federally recognized Indian tribe maintaining a government-to-government relationship with the United States Department of the Interior.  Except as so admitted, Answering Defendants generally and specifically deny each and every allegation in Paragraph 5 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

6.     Defendants admit that Yosemite Bank is a division of Premier Valley Bank, a domestic stock corporation organized and existing as a state-chartered bank. Defendants deny that Premier Valley Bank is chartered by the comptroller of currency under the laws of the United States. Defendants admit that Premier Valley Bank's principal place of business is 255 East River Park Circle, Suite 180, Fresno, CA 93720.  Except as so admitted,

based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 6 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

7.  Defendants admit the allegations of Paragraph 7.

8.  Based on lack of sufficient information and belief to admit or deny the allegations of Paragraphs 8-17 of the Complaint, Answering Defendants deny each and every allegation contained therein.

9.  Answering Defendant United Security Bank ("USB") admits that it has an agreement with the Tribe, under which the Tribe maintains various accounts, including, but not limited to, account numbers 4288726, 4288734, 4288742, 4288750, 4289005.  USB admits that it agreed to pay checks or warrants executed by persons authorized by the Tribal Council or the Tribal Council sitting as the CEDA Board to sign checks.  USB further admits that the Tribal Council has authority to designate who the check signers are on said accounts.  Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 18 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

10.  Answering Defendants admit that there exists an entity known as "Chukchansi Incorporated."  Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 19 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

11.  Answering Defendant Yosemite Bank, a division of Premier Valley Bank ("Yosemite") admits that it has a contract with the Tribe and/or its related entities, under which the Tribe maintains a variety of checking accounts, including, but not limited to, account numbers 503001703, 503001281, 503001299, 503001273, 503001166, 503001564, 503001455, 503001679, and 503001562.  Yosemite further admits that the Tribal Council has

ultimate authority to designate authorized check signers on said accounts. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 20 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

12. Answering Defendants admit that a dispute has arisen between various members of the Tribe. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 21 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

13. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 22 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

14. Answering Defendants admit that the Tribal Council has divided into factions, one led by Nancy Ayala, and another led by Reggie Lewis. Answering Defendants lack sufficient information and belief to admit or deny the total number of factions presently existing, or the identities of the remaining members of said factions. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 23 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

15. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraphs 24-25 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

16. Answering Defendants admit that the faction known as the "Lewis Faction" has stated to officials at Answering Defendants' banking institutions that it had authority to withdraw funds from accounts and said banks, including the authority to designate which check signers were authorized to withdraw funds from said accounts. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 26 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

17. Answering Defendants admit that Plaintiff, which is also known as the "Ayala Faction," has provided various documents to the Answering Defendants purporting to show that the Ayala Faction, and not the Lewis Faction, had authority to control the Tribe's bank accounts. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 27 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

18. Answering Defendants deny that they have breached any agreement with the Tribe. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 28 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

19. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraphs 29-30 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

20. Answering Defendants generally and specifically deny each and every allegation in Paragraph 31 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

21. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 32 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

22. Answering Defendants deny that the document identified as Exhibit "F" to the Complaint purports to make any order or ruling with respect to USB, or identifies USB in any manner whatsoever. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 33 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

23. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraphs 34-37 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

24. Answering Defendants deny that the document entitled as Exhibit "G" to the Complaint identifies or is directed to either of Answering Defendants in any manner whatsoever. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 38 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

25. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 39 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

26. Answering Defendants admit that the Tribe seeks recognition and enforcement of orders purportedly entered by Plaintiff's Tribal Court, and admit that Answering Defendants do not recognize any authority of said Tribal Court over Answering Defendants. Except as so admitted, based on lack of sufficient information and belief to admit

or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 40 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

## FIRST CAUSE OF ACTION

27. Paragraph 41 of the Complaint incorporates the previous Paragraphs 1 through 40 of the Complaint. Answering Defendants incorporate by reference their response to Paragraphs 1 through 40, above.

28. Answering Defendants admit that due process and both personal and subject matter jurisdiction is required for federal court recognition of a tribal court judgment under principles of comity, but deny that federal courts are obligated to recognize tribal court orders where due process, personal jurisdiction, and subject matter jurisdiction are all present. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 42 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

29. Answering Defendants deny that any tribal court of the tribe, including Plaintiff's Tribal Court as well as any other tribal court established by the Tribe, has personal jurisdiction over Answering Defendants. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 43 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

30. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 44 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

31. USB admits that it does not recognize the jurisdiction or authority of the Tribal Court, and has not participated in any Tribal Court proceedings. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 45 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

32. Answering Defendants deny generally and specifically each and every allegation in Paragraph 46 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

## SECOND CAUSE OF ACTION

33. Paragraph 47 of the Complaint incorporates the previous Paragraphs 1 through 47 [*sic*] of the Complaint. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 46, above.

34. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraphs 48-52 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

35. Answering Defendants admit they contend that Answering Defendants are not bound by any order of the Tribal Court. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 53 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

36. Answering Defendants deny generally and specifically each and every allegation in Paragraph 54 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

### THIRD CAUSE OF ACTION

37. Paragraph 55 of the Complaint incorporates the previous Paragraphs 1 through 54 of the Complaint. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 54, above.

38. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraphs 56-58 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

39. Answering Defendants admit they contend that Answering Defendants' actions have not and are not directly interfering with the Tribe's ability to govern itself. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 59 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

### FOURTH CAUSE OF ACTION

40. Paragraph 60 of the Complaint incorporates the previous Paragraphs 1 through 60 [*sic*] of the Complaint. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 59, above.

41. Answering Defendants admit that both Plaintiff (the Ayala Faction) and the Lewis Faction have made claims of entitlement to the funds on deposit in the Tribe's accounts. Answering Defendants deny that they have breached any agreement with the Tribe. Except as so admitted, based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 61 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

42. Based on lack of sufficient information and belief to admit or deny the allegations, Answering Defendants generally and specifically deny each and every allegation in Paragraph 62 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

43. Answering Defendants deny generally and specifically each and every allegation in Paragraph 63 of the Complaint, further denying that Plaintiff is entitled to damages or other relief in any amount or at all.

## AFFIRMATIVE DEFENSES

1. **Tribal Court Personal Jurisdiction.** For a first, separate and distinct defense, Answering Defendants allege that the orders of the Tribal Court may not be enforced by this Court on comity grounds because the Tribal Court had and has no personal jurisdiction over either of Answering Defendants.

2. **Tribal Court Subject Matter Jurisdiction.** For a second, separate and distinct defense, Answering Defendants allege that the orders of the Tribal Court may not be enforced by this Court on comity grounds because the Tribal Court had and has no subject matter jurisdiction over the claims alleged by Plaintiff.

3. **Due Process.** For a third, separate and distinct defense, Answering Defendants allege that the orders of the Tribal Court may not be enforced by this Court on comity grounds because Answering Defendants were not and are not afforded due process of law in the Tribal Court. Further, any action by this Court to enforce purported orders of the Tribal Court will deprive Answering Defendants of due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

4. **Standing.** For a fourth, separate and distinct defense, Answering Defendants allege that Plaintiff has no standing and lacks authority to assert claims on behalf of the Tribe and/or its related entities.

5. **Subject Matter Jurisdiction of This Court.** For a fifth, separate and distinct defense, Answering Defendants allege that this Court does not have subject matter

{7057/037/00422660.DOC}

jurisdiction to make determinations of tribal law, tribal governance, or the disputed validity of the Tribal Court, as necessary to the relief sought by Plaintiff.

6. **Failure to State a Claim.** For a sixth, separate and distinct defense, Answering Defendants allege that Plaintiff has failed to state a claim upon which relief may be granted.

7. **Unclean Hands.** For a seventh, separate and distinct defense, Answering Defendants allege that Plaintiff has unclean hands, and is therefore precluded from the relief it seeks.

8. **Laches.** For an eighth, separate and distinct defense, Answering Defendants allege that Plaintiff's delay in bringing its claims preclude relief under the doctrine of laches.

9. **Contrary to Public Policy.** For a ninth, separate and distinct defense, Answering Defendants allege that the relief sought by Plaintiff is contrary to public policy.

10. **Ratification.** For a tenth, separate and distinct defense, Answering Defendants allege their actions have been ratified by Plaintiff by and through Plaintiff's own statements and actions.

11. **Acquiescence.** For an eleventh, separate and distinct defense, Answering Defendants allege that Plaintiff has acquiesced to the actions of Answering Defendants.

12. **Good Faith.** For a twelfth, separate and distinct defense, Answering Defendants allege that they have acted in good faith at all relevant times and in all circumstances.

13. **Breach of Contract.** For a thirteenth, separate and distinct defense, Answering Defendants allege that Plaintiff has breached the various contracts and agreements that Plaintiff alleges to exist.

14. **Tribal Law.** For a fourteenth, separate and distinct defense, Answering Defendants allege that Plaintiff has not provided Answering Defendants with access to information regarding the Tribe's tribal law, that access to such tribal law is not otherwise

available to Answering Defendants, and there exists a dispute between the various factions of the Tribe regarding the currently valid content and provisions of the Tribe's tribal law. Accordingly, Answering Defendants reserve the right to plead or assert additional affirmative defenses as available under tribal law to the extent applicable.

15. **Reservation of Additional Defenses.** Defendants allege that because Plaintiff has drafted the Complaint using incomplete, conclusory, and vague allegations, Answering Defendants cannot fully and completely anticipate and articulate all available affirmative defenses which may be applicable to the claims for relief contained in the Complaint. Accordingly, Answering Defendants reserve the right, to the extent allowed by law, to plead or assert additional affirmative defenses to the extent applicable.

## **PRAYER**

WHEREFORE, Answering Defendants pray that the Court enter Judgment on Plaintiff's Complaint as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That Judgment be entered in favor of the Answering Defendants;

3. That Answering Defendants be awarded their costs of suit and attorney's fees incurred herein; and

4. For such other and further relief as the Court deems just and proper.


Dated: August 7, 2013                           Respectfully submitted,

                                                WANGER JONES HELSLEY PC


                                                By:_____/s/_____
                                                        Timothy Jones
                                                        Kurt F. Vote
                                                     Attorneys for Defendants
                                                United Security Bank and Premier Valley
                                                Bank, dba Yosemite Bank, a division
                                                        of Premier Valley Bank

{7057/037/00422660.DOC}
14
ANSWER TO COMPLAINT